IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACEY & ALEMAN, THOMAS G. MACEY, individually, and JEFFREY J. ALEMAN, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10 C 6646 |
| CARLENE M. SIMMONS and ELIZABETH C. KAMPER, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE
TO THE DISTRICT COURT OF ARIZONA

JAMES F. HOLDERMAN, Chief Judge:

For the reasons set forth below, "Defendants' Motion to Transfer Venue to the District Court of Arizona for Consolidation" (Dkt. No. 89) is granted and this case is ordered transferred to the District of Arizona for all further proceedings.

PROCEDURAL HISTORY AND BACKGROUND

The motion to transfer currently pending before this court involves two lawsuits: *Macey & Aleman v. Simmons* (N.D. Ill.) (Case. No. 10 C 6646) (Holderman, C.J.) (the "Illinois Action") and *Macey & Aleman v. Davis Miles McGuire Gardner PLLC* (D. Ariz.) (Case No. 12 C 1419) (Martone, J.) (the "Arizona Action").

In the Illinois Action, plaintiffs Macey & Aleman, Thomas G. Macey, and Jeffrey J. Aleman (collectively "Plaintiffs") allege that two former Macey & Aleman employees, defendants Carlene M. Simmons ("Simmons") and Elizabeth C. Kamper ("Kamper") (together

1

"Defendants"), are liable for conversion (Count I), breach of employment and confidentiality agreements (Count II), breach of fiduciary duties (Count III), tortious interference with business expectancy (Count IV), and defamation (Count V), all arising from Defendants' conduct before and after they resigned from their employment with Macey & Aleman.

In the Arizona Action, the same three Plaintiffs allege that Simmons's and Kamper's new employer, Davis Miles McGuire Gardner PLLC ("Davis Miles"), is liable for conversion (Count I), misappropriation of trade secrets (Count II), intentional interference with business expectancy and contractual relationships with clients (Count III), intentional interference with contractual relations with former employees (Count IV), and commercial defamation (Count V), again all with respect to the events surrounding Defendants' resignation from their employment with Macey & Aleman.

Macey & Aleman is a law firm headquartered in Chicago, Illinois, with offices in twenty different states. Thomas G. Macey is the Owner and Managing Partner of Macey & Aleman, and Jeffrey J. Aleman is a Senior Partner with Macey & Aleman.

Simmons began working for Macey & Aleman's Phoenix office as an Associate Attorney on October 17, 2005. Simmons was later promoted to the position of the sole Managing Attorney for Macey & Aleman's Phoenix office on June 26, 2008. Kamper began working for Macey & Aleman's Phoenix office as an Associate Attorney on June 9, 2009. Simmons and Kamper each resigned from their employment with Macey & Aleman on July 2, 2010.

Plaintiffs initially filed the Illinois Action in the Circuit Court of Cook County, Law Division, on September 10, 2010. Defendants removed the Illinois Action to the United States District Court for the Northern District of Illinois on October 25, 2010, on the basis of diversity

jurisdiction under 28 U.S.C. § 1332, before moving on November 30, 2010, to dismiss the case for lack of personal jurisdiction.  This court denied Defendants' motion to dismiss on April 14, 2011, concluding that "Simmons and Kamper have waived their ability to contest personal jurisdiction in this court by agreeing to the forum selection clauses in the Employment and Confidentiality Agreements."  (Dkt. No. 18 ("4/14/11 Order") at 14.)[1]

On November 10, 2011, Macey & Aleman filed their First (Corrected) Amended Complaint (Dkt. No. 56 ("Am. Compl.")) in the Illinois Action, which added claims against Davis Miles for conversion (Count I), tortious interference with business expectancy (Count IV), and defamation (Count V).  Davis Miles moved to dismiss the claims brought against it for lack of personal jurisdiction, and the court granted Davis Miles's motion on February 15, 2012.  (Dkt. No. 74.)  On June 29, 2012, Plaintiffs filed the Arizona Action.

## LEGAL STANDARD

Defendants seek transfer of the Illinois Action to the District of Arizona pursuant to 28 U.S. § 1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S. § 1404(a).  "A court may transfer a case under 1404(a) if the moving party demonstrates that (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the

---

[1] The relevant forum selection clause from the Employment Agreements states that "[a]ny dispute arising under this agreement is to be resolved in a court of competent jurisdiction in Illinois."  (4/14/11 Order at 3.)  The relevant forum selection clause from the Confidentiality Agreements states, "I agree that any [claims] arising out of this agreement shall be litigated, mediated, arbitrated, or otherwise [resolved] in Cook County, Illinois."  (*Id.*)

3

transfer will serve the convenience of parties and witnesses and will serve the interest of justice."
*CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*, No. 12 C 4968, 2012 WL 5077728, at *1 (N.D. Ill.
Oct. 18, 2012) (Holderman, C.J.) (quotation marks and citations omitted).  Defendants, as the
movants, have the burden of "establishing, by reference to particular circumstances, that the
transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217,
219-220 (7th Cir. 1986).

<u>ANALYSIS</u>

In light of the court's April 14, 2011 order and the relevant forum selection clauses in the
Employment and Confidentiality Agreements, the parties do not at this point in the litigation
dispute that venue for the Illinois Action is proper in the Northern District of Illinois.  It is also
undisputed that "a substantial part of the events or omissions giving rise to the [Illinois Action's]
claim[s]" occurred in Arizona, and that both Defendants reside there, suggesting that venue for
the Illinois Action is also proper in the District of Arizona, *see* 28 U.S.C. § 1391(b)(1) and (2),
as required for a valid transfer under 28 U.S. § 1404(a).

The Seventh Circuit has explicitly noted that "a transfer motion can be granted even if
there is a valid forum selection clause."  *IFC Credit Corp. v. Aliano Bros. Gen. Contractors,
Inc.*, 437 F.3d 606, 613 (7th Cir. 2006) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883
F.2d 1286, 1293 (7th Cir. 1989)).  Under these circumstances, however, there is "a strong
presumption against transfer."  *Id.*  The presumption against transfer can be overcome only  "if
there is inconvenience to some third party . . . or to the judicial system itself."  *Id.* (quoting
*Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990)).  This court finds
that, under the unique circumstances of this case, transfer of the Illinois Action to the District of

Arizona is appropriate for the convenience of third-party witnesses and in the interest of judicial economy.

There is no question that *all* witnesses in the Illinois Action will be inconvenienced if they are required to testify in two different trials located in two different states.[2]  For whatever reason, in opposing the pending motion to transfer, Plaintiffs have voluntarily undertaken this additional burden on behalf of themselves, their employee witnesses, and their expert witnesses. *See CoStar Realty*, 2012 WL 5077728, at *3 ("[c]ourts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them") (quoting *Abbott Labs. v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007) (Kennelly, J.)).  Plaintiffs argue that "[a]t least four of the witnesses will have to travel if the case is in either district, so the location of the parties does not weigh in favor of transferring the suit." (Dkt. No. 101 ("Pls.' Resp.") at 9.)  This statement, however, appears to focus on witnesses who are either current employees of Macey & Aleman or Plaintiffs' paid expert.[3]  As noted above, courts generally disregard the burdens imposed on these "volunteer" witnesses.  Moreover, even if the

---

[2] Plaintiffs do not dispute that each of the witnesses identified in Defendants' motion will be required to testify in both the Illinois Action and the Arizona Action.  The court declines to rule on the admissibility of any particular witness's testimony at this stage of the litigation.

[3] Plaintiffs do not name the four witnesses that will be required to travel to Arizona.  The court assumes that Plaintiffs' statement refers to three witnesses identified in Defendants' motion—Deborah Stencel (Wisconsin resident), Shobhana Kasturi (Illinois resident), and Richard Gustafson (Illinois resident)—as well as Plaintiffs' unnamed expert witness.  (*See* Dkt. No. 89 ("Defs.' Mot.") at 8; Pls.' Resp. at 9 ("Some of Plaintiffs' witnesses reside in Illinois, including their expert.").)  Deborah Stencel is named in the First (Corrected) Amended Complaint as Macey & Aleman's Attorney Manager (Am. Compl. ¶ 23), and Shobhana Kasturi and Richard Gustafson are named partners of Macey & Aleman.

court were to consider the burden on Plaintiffs' witnesses a relevant factor, it should be noted that transfer of the Illinois Action to the District of Arizona has the potential to actually decrease the burden on Plaintiffs' witnesses if the two cases are ultimately consolidated, in light of the fact that Plaintiffs' witnesses are already traveling to the District of Arizona to testify in the Arizona Action.

Defendants have identified five non-party witnesses in the Illinois Action who would be inconvenienced by having to testify in Illinois. They are, in alphabetical order: Jody Corrales (Arizona resident); Adriana Dominguez (California resident); Sue Lyons (Nevada resident); Walter Moak (Arizona resident); and Tim Ronan (Arizona resident). Two of these witnesses, former Macey & Aleman employees Jody Corrales and Sue Lyons, were specifically named in the First (Corrected) Amended Complaint as Macey & Aleman employees familiar with the circumstances of Defendants' departure. Additionally, the deposition testimony of Jody Corrales, Adriana Dominguez, Sue Lyons, and Walter Moak has been cited by one or both of the parties in support of their cross motions for summary judgment pending before this court, suggesting that the testimony of these witnesses has evidentiary value in the Illinois Action. None of the five witnesses identified by Defendants is currently employed by a party in the Illinois Action. It is clear to the court that these five non-party witnesses would be inconvenienced by traveling to Illinois for purposes of testifying in the Illinois Action. The potential burden on non-party witnesses is therefore a factor favoring the transfer of the Illinois Action to the District of Arizona.

"The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related

litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  In this case, these concerns are in tension.  With regard to judicial economy, the Seventh Circuit has taken the position that "related litigation should be transferred to a forum where consolidation is feasible." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).  The Arizona Action and the Illinois Action indisputably involve common questions of both law and fact, as required for consolidation under Federal Rule of Civil Procedure 42(a).  Moreover, under the Local Rules of Civil Procedure for the District of Arizona, related cases may be assigned to the same judge if they "arise from substantially the same transaction or event" or "involve substantially the same parties or property."  *See* D. Ariz. LRCiv. 42.1(a).  This court expresses no formal opinion regarding the propriety of consolidating the Arizona Action and the Illinois Action for either pre-trial or trial purposes under the Local Rules of the Arizona federal court, as that decision is left to the sound discretion of the transferee judge, but this court nevertheless notes that without a transfer to the District of Arizona, "there is little if any possibility of consolidating [the two cases] for discovery, settlement negotiations or trial."  *Solaia Tech., Inc. v. Rockwell Automation, Inc.*, No. 03 C 566, 2003 WL 22057092, at *3 (N.D. Ill. Sept. 2, 2003) (Gotschall, J.).  This factor therefore weighs in favor of transferring the Illinois Action to the District of Arizona.

The desire for a speedy trial in the Illinois Action, on the other hand, generally counsels against transfer.  As noted by Plaintiffs, discovery in the Illinois Action has closed and the parties have filed cross motions for summary judgment that are now in the process of being briefed before this court.  The Arizona Action, by contrast, was filed only six months ago.  If the two cases are consolidated in the District of Arizona—a question of judicial economy on which

7

this court takes no position—the resolution of the Illinois Action will likely take longer than it would if the Illinois Action proceeds in this court.  On the other hand, this court tends to agree with Defendants that "the fact that the discovery has been completed in the Illinois case will help to speed the discovery and trial of the Arizona case."  (Dkt. No. 102 ("Defs.' Reply") at 6-7.) The extent to which the completed discovery in the Illinois Action actually can or will speed litigation of the Arizona Action is a question this court is not in a position to answer, because the parties have not presented this court with any specific information regarding the status of discovery in the Arizona Action.  Altogether, this court finds that the desire for a speedy trial in the Illinois Action is a factor weighing in favor of denying Defendants' motion to transfer.

Finally, in accordance with the choice of law provisions set forth in the Employment Agreements and the Confidentiality Agreements, this court has previously held that Illinois law will govern the breach of contract claim at issue in the Illinois Action.  (*See* 4/14/2011 Order at 5.)  In their cross motions for summary judgment, the parties also rely on Illinois law for purposes of analyzing Plaintiffs' additional causes of action.  This court assumes that it is more familiar with Illinois law than a judge from the District of Arizona would be.  *But see Miller v. SKF*, No. 10 C 6191, 2010 WL 5463809, at *6 (N.D. Ill. Dec. 29, 2010) (Leinenweber, J.) (noting that "the Pennsylvania court is capable of applying Illinois law" in a case where "[t]he contract and employment issues presented by this case are not subtle or confusing").  On the other hand, Defendants' Second Affirmative Defense includes the assertion that the Employment Agreements and Confidentiality Agreements "contain provisions that are unenforceable as they violate the ethics and professional conduct requirements of the Arizona bar."  (Dkt. No. 24 ("Defs.' Ans.") at 32.)  Defendants also extensively cite to the Arizona Rules of Professional

8

Conduct and the Arizona Supreme Court Rules in opposing summary judgment on Plaintiffs' claims for conversion, breach of fiduciary duties, tortious interference with business expectancy, and defamation.  To the extent Defendants have injected issues of Arizona legal ethics into the Illinois Action, the familiarity of the presiding judge with the governing law becomes a neutral factor with respect to transfer.

Ultimately, this court cannot escape the conclusion that it would be "a waste of precious judicial [resources] to have two Judges preside over two juries who will listen to the testimony of the same witnesses, view the same exhibits, and consider the same legal arguments."  (Defs.' Reply at 7.)  In light of the burdens on the judicial system and on non-party witnesses—and despite the valid forum selection clauses in the Employment Agreements and Confidentiality Agreements—this court finds that transfer of the Illinois Action to the District of Arizona is appropriate under 28 U.S.C. § 1404(a).

<u>CONCLUSION</u>

For all of the reasons set forth above, "Defendants' Motion to Transfer Venue to the District Court of Arizona for Consolidation" (Dkt. No. 89) is granted and this case is ordered transferred to the District of Arizona, Phoenix Division, for all further proceedings.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   December 13, 2012

9